IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HAROLD L. ARMSTRONG,

    Petitioner,                     No. CIV S-08-0031 LKK DAD P

    vs.

D.L. RUNNELS, et al.,             ORDER AND

    Respondents.            FINDINGS AND RECOMMENDATIONS

                            /

          Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Petitioner has submitted a declaration that makes the showing required by § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

          The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. See 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by the respondent's counsel. See 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion may not be implied or inferred.

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. See 28 U.S.C. § 2254(b)(2).

A petitioner satisfies the exhaustion requirement by fairly presenting to the highest state court all federal claims before presenting them to the federal court.  See Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Picard v. Connor, 404 U.S. 270, 276 (1971); Crotts v. Smith, 73 F.3d 861, 865 (9th Cir. 1996); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1986).

Upon reviewing the petition for writ habeas corpus filed in this action, the court finds that petitioner has failed to exhaust state court remedies.  In this regard, petitioner raises the following seven grounds for relief in his petition before this court: (1) a double jeopardy violation based on the use of past convictions which were defective and are "time barred," (2) a due process violation where his acquittal on two of the counts against him should have resulted in his acquittal on all counts, (3) that his conviction was based on illegally seized evidence, (4) another double jeopardy claim based upon his prior convictions being used as strikes under California's Three Strikes Law, (5) a due process violation caused by his sentence being imposed based upon an improper presentence investigative report, (6) a violation of his right to counsel because his mail and outgoing phone calls at the jail were blocked, and (7) a claim that the trial court judge had a conflict of interest in presiding over petitioner's trial. (Petition at 6-11C.) However, in his federal petition the petitioner acknowledges that he did not raise these claims on appeal in state court nor in any post-conviction state habeas petitions.  Rather, petitioner indicates that in his petition for review filed with the California Supreme Court, only the following claims were raised:

> I.  There was insufficient evidence to establish that appellant committed an assault with a deadly weapon upon Kumar.
>
> II.  The trial court erroneously altered the applicable statutory period of parole and acted in excess of its jurisdiction

(Petition, at 4.)

Neither of these two claims are presented in the pending federal habeas petition. The court notes that in prior habeas actions filed by petitioner with this court, he has been

advised regarding the exhaustion requirement and the one-year statute of limitations under AEDPA. See Armstrong v. Pope, CIV S-05-2371 LKK DAD P, findings and recommendations filed 5/1/06; Armstrong v. Runnels, CIV S-06-1950 LKK DAD P, findings and recommendations filed 9/8/06. Despite the court's past advisements, petitioner has failed to take steps to exhaust state court remedies with respect to any of the claims he now seeks to present for federal habeas review. Accordingly, the petition should be dismissed without prejudice.[2]

In light of these findings and recommendations, petitioner's motion for release will be denied.

Good cause appearing, IT IS HEREBY ORDERED that:

1. Petitioner is granted leave to proceed in forma pauperis;

2. The Clerk of the Court is directed to serve a copy of these findings and recommendations together with a copy of the petition filed in the instant case on the Attorney General of the State of California; and

3. Petitioner's January 22, 2008 motion for release is denied.

Also, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed for failure to exhaust state remedies.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Findings and Recommendations." Petitioner is advised that failure to file objections within the specified

/////

---

[2] Petitioner is again cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. See 28 U.S.C. § 2244(d).

time may waive the right to appeal the District Court's order. See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 21, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
arms0031.103