IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HAROLD L. ARMSTRONG,

    Petitioner,                    No. CIV S-08-0031 LKK DAD P

    vs.

D.L. RUNNELS, et al.,

    Respondents.              ORDER

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On February 22, 2008, the court filed findings and recommendations recommending that the petition be dismissed for failure to exhaust state court remedies. On March 17, 2008, petitioner filed "partial objections," and with leave of court, filed supplemental objections on April 14, 2008. With his supplemental objections, petitioner has submitted a copy of his petition for review to the California Supreme Court. That petition for review presented the following three claims: (1) there was insufficient evidence to establish that petitioner committed an assault, (2) the trial court erred in imposing a lifetime period of parole, and (3) the trial court abused its discretion by declining to strike one of petitioner's two prior strike convictions. In petitioner's federal habeas petition, he raises seven grounds for relief. It is apparent that in this court petitioner has sought to raise claims that are unexhausted; however, the

1

court is unable to determine if petitioner is also seeking to proceed in this court on the claims that were properly presented to the California Supreme Court. Therefore, the court will vacate the findings and recommendations and grant petitioner leave to file an amended petition that clearly states each ground for relief and clarifies whether each claim was presented to the California Supreme Court.

If petitioner is proceeding with both exhausted and unexhausted claims, he may file with his amended petition, a motion for a stay and abeyance. The Supreme Court has affirmed the district court's discretion to stay a federal habeas proceeding to allow the petitioner to present unexhausted claims to the state court where there is good cause for the petitioner's failure to exhaust all claims in state court before filing a federal habeas petition. Rhines v. Weber, 544 U.S. 269, 277 (2005). See Anthony v. Cambra, 236 F.3d 568, 575 (9th Cir. 2000) (authorizing district courts to stay fully exhausted federal petitions pending exhaustion of other claims); Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-88 (9th Cir. 1998) (recognizing the district court's authority to allow a petitioner to amend a mixed petition to delete unexhausted claims and hold the fully exhausted petition in abeyance). The Supreme Court cautioned, however, that "stay and abeyance should be available only in limited circumstances" and that a stay "is only appropriate when the district court determines there is good cause for the petitioner's failure to exhaust his claims first in state court." 544 U.S. at 277. Even if a petitioner shows good cause, the district court should not grant a stay if the claims are plainly meritless. Id. Moreover, federal proceedings may not be stayed indefinitely, and reasonable time limits must be imposed on a petitioner's return to state court to exhaust additional claims. Id. at 277-78. Therefore, a motion for stay and abeyance must (1) show good cause for petitioner's failure to exhaust all claims prior to filing this action, (2) identify petitioner's unexhausted claims and demonstrate that each is potentially meritorious, (3) describe the status of state court proceedings on the unexhausted claims, and (4) demonstrate that petitioner has acted with diligence in pursuing additional claims.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations, filed on February 22, 2008, are vacated;

2. Petitioner's petition for a writ of habeas corpus, filed on January 7, 2008, is dismissed;

3. Within thirty days from the service of this order, petitioner shall file an amended petition that complies with the requirements of the Federal Rules of Civil Procedure; the amended petition must bear the docket number assigned this case and must be labeled "Amended Petition;" petitioner must use the form petition provided by the court and answer each question in the form; petitioner's failure to file an amended petition in accordance with this order will result in the dismissal of this action; and

4. The Clerk of the Court is directed to provide petitioner with the court's form petition for a writ of habeas corpus by a state prisoner.

DATED: April 29, 2008.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
arm0031.vac