IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HAROLD L. ARMSTRONG,

    Petitioner,               No. CIV S-08-0031 LKK DAD P

    vs.

D.L. RUNNELS, et al.,

    Respondents.           FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges a 2005 judgment of conviction entered against him in the Shasta County Superior Court for attempted second degree robbery, criminal threat, assault with a deadly weapon, possession of a deadly weapon, possession of a firearm, illegal possession of ammunition, and exhibiting a deadly weapon.  On April 30, 2008, this court ordered petitioner to file an amended petition, clarifying his claims for relief and identifying those claims that had been presented to the California Supreme Court.  Petitioner was also advised that if he was proceeding with both exhausted and unexhausted claims, he could file a motion for a stay and abeyance with respect to his federal petition.  Petitioner was provided the legal requirements for obtaining a stay and abeyance.  Now before

/////

1

the court is petitioner's amended petition, his motion styled, "Motion In Limine," and a motion for stay and abeyance.

I. <u>Petitioner's Claims and Exhaustion of State Court Remedies</u>

In his amended petition, petitioner sets forth the following grounds for relief: (1) the trial court imposed illegal enhancements by relying upon petitioner's prior attempted murder conviction that was time-barred, and a 1975 arson conviction that should have been reduced to a misdemeanor; (2) his conviction was obtained through the use of evidence that was the product of an illegal search and seizure; (3) his trial counsel provided ineffective assistance of counsel by conspiring with the district attorney and Probation Department and providing them with confidential information; (4) petitioner was subjected to the "[d]enial of reasonable bail, due process and equal protection" which prevented him from "actively participat[ing] in the location of favorable witnesses and providing evidence that would exonerated petitioner . . . ."[1] (Am. Pet. at 6.)

There is no indication in the amended petition that the claims set forth above were ever presented to the California Supreme Court. However, the court is aware from petitioner's previous filings, that a petition for review was filed on his behalf with the California Supreme Court.[2] In that petition for review, the following arguments were advanced on petitioner's behalf: (1) there was insufficient evidence to support the assault conviction; (2) the trial court's imposition of a lifetime parole term should be stricken; and (3) the trial court abused its discretion by declining to dismiss one of petitioner's two prior strikes. It is arguable that this third argument is sufficiently similar to petitioner's present federal habeas claim challenging the use of his prior convictions for purposes of enhancing his sentence. However, in the petition for review it was argued that the reliance on the two prior convictions was an abuse of the trial

---

[1] Petitioner has not identified the federal constitutional basis for each of these claim.

[2] <u>See</u> Petitioner's Supplemental Objections filed April 14, 2008 (Doc. No. 13) at 6-45.)

1  court's discretion under California's Three Strikes Law.  Therein, petitioner cited only state court
2  decisions and did not assert a violation of the U.S. Constitution.

3    The exhaustion of state court remedies is a prerequisite to the granting of a
4  petition for writ of habeas corpus.  See 28 U.S.C. § 2254(b)(1).  A petitioner satisfies the
5  exhaustion requirement by fairly presenting to the highest state court all federal claims before
6  presenting them to the federal court.  See Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v.
7  Connor, 404 U.S. 270, 276 (1971); Crotts v. Smith, 73 F.3d 861, 865 (9th Cir. 1996); Middleton
8  v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1986).  A federal claim is fairly presented if the petitioner
9  has described the operative facts and legal theory upon which his claim is based.  See Bland v.
10 California Dep't of Corrections, 20 F.3d 1469, 1473 (9th Cir. 1994).  "[I]t is not enough . . . that
11 a somewhat similar state-law claim was made."  Anderson v. Harless, 459 U.S. 4, 6 (1982).  As a
12 rule, the "mere similarity of claims is insufficient to exhaust."  Duncan v. Henry, 513 U.S. at
13 365-66.  A claim for relief in state court must include reference to a specific federal
14 constitutional right, as well as, a statement of the facts which entitle the petitioner to relief.
15 Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999).

16   The court finds that petitioner has not exhausted his claims by fairly presenting
17 them to the California Supreme Court.  Indeed, none of the claims in the amended federal
18 petition appear to have been presented to the California Supreme Court.  In addition, petitioner
19 did not state any federal constitutional basis for challenging the enhancement of his sentence
20 under California's Three Strikes Law in his petition for review before the highest state court.
21 Therefore, the court will recommend that the amended petition be dismissed for failure to comply
22 with the exhaustion requirement.

23 II.  Petitioner's Motions

24   Petitioner has filed a motion for a stay and abeyance, merely stating that he seeks
25 a stay to present the claims contained in his amended habeas petition to the California Supreme
26 Court.  Petitioner does not address any of the requirements for obtaining a stay and abeyance

1  specified by the U.S. Supreme Court in Rhines v. Weber, 544 U.S. 269, 277 (2005).[3]  In addition,

2  because the amended petition before this court contains only unexhausted claims, a stay is not

3  appropriate.  As one court recently noted in this regard,

> Rhines presupposes the existence of a mixed petition.  Jackson v. Roe, 425 F.3d 654, 659-661 (9th Cir. 2005) ("Rhines applies to stays of mixed petitions").  When the petition at issues is not mixed, but fully unexhausted, the stay and abeyance procedure discussed in Rhines does not apply.  Rather, in such situations, Rose still requires dismissal of the entire petition.  See Raspberry v. Garcia, 448 F.3d 1150, 1151, 1154 (9th Cir. 2006) (amended petition does not relate back to original petition that District Court dismissed as wholly unexhausted); Culver v. Director of Corrections, 450 F. Supp. 2d 1135, 1141 (C.D. Cal. 2006) (amended petition does not relate back to original petition that "was dismissed in its entirety as fully unexhausted"); Pitman v. Runnels, 2007 WL 4940289 (C.D. Cal); Phipps v. Evans, 2008 WL 540821 (E.D. Cal) (Unlike Rhines, Phipps presented a completely unexhausted petition, rather than a mixed petition.)

12  Brown v. Dexter, No. CV 08-01119-SGL (VBK), 2008 WL 4384181 at *4 (C.D. Cal. Aug. 21,

13  2008).  Therefore, the motion for stay and abeyance should be denied.

14  Petitioner has also filed a motion styled, "Motion In Limine," in which he requests

15  that this court direct the Shasta County Superior Court to "resolve the issues" raised in the habeas

16  petition filed in that court which was denied by the Superior Court on December 4, 2006.  (Mot.

17  in Limine at 1.)  The federal court lacks authority to compel a state court to reconsider its ruling

18  in a habeas petition.  In addition, regardless of the Superior Court's denial of relief petitioner was

19  not prevented from exhausting his claims by filing a habeas petition with the California Supreme

20  Court.  See Nino v. Galaza, 183 F.3d 1003, 1006, n.2 &3 (9th Cir. 1999).

## CONCLUSION

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. The amended petition filed on July 18, 2008 (Doc. No. 20), be dismissed and this action be dismissed for failure to comply with the exhaustion requirement;

---

[3] Petitioner was fully apprised of those requirements by the court's April 30, 2008 order.

4

2. Petitioner's motion in limine, filed on July 14, 2008 (Doc. No. 19), be denied; and

3. Petitioner's motion for stay and abeyance, filed on July 23, 2008 (Doc. No. 22), be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fifteen days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 3, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
arms0031.103sty

5